UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHELE MANCINI, an individual,

       Plaintiff,

vs.                     Case No.  2:13-cv-218-FtM-29UAM

SUBCONTRACTING CONCEPTS, LLC,

       Defendant.

_____

### OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. #13) filed on June 21, 2013.  Plaintiff filed a Response in Opposition to Defendant's Motion to Dismiss (Doc. #15) on July 6, 2013.  For the reasons set forth below, the motion is denied.

### I.

Subcontracting Concepts, LLC (defendant) provides businesses with independently contracted couriers at a reduced rate.  (Doc. #8, ¶ 7.)  On September 1, 2009, Michele Mancini (plaintiff) was hired by defendant as a courier and was treated as an independent contractor.  (Id. ¶¶ 6, 9.)  While making a delivery for defendant on May 10, 2010, plaintiff was involved in a motor vehicle accident which rendered her totally and permanently disabled.  (Id. ¶¶ 27-28.)  Plaintiff maintains she was actually an employee, not an

independent contractor, and therefore defendant was required by Florida law to maintain workers' compensation insurance coverage for her.  Plaintiff presents a single count alleging the tort of failure to maintain workers' compensation insurance.

Defendant seeks dismissal of the Amended Complaint for lack of subject matter jurisdiction.  The Amended Complaint asserts federal jurisdiction based upon diversity of citizenship.  Defendant, however, asserts that plaintiff's claim falls squarely within the exclusive jurisdiction of the Florida Judges of Compensation Claims, resulting in a claim for which neither a state court nor a federal district court has jurisdiction.

## II.

A motion to dismiss pursuant to Rule 12(b)(1) provides for dismissal of an action if the court lacks subject matter jurisdiction.  A challenge to subject matter jurisdiction may come in the form of either a "facial" or "factual" attack.  Morrison v. Amway Corp., 323 F.3d 920, 924  (11th Cir. 2003).  A factual attack challenges the existence of subject matter jurisdiction using materials extrinsic from pleadings, such as affidavits or testimony.  Stalley ex. rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232-33 (11th Cir. 2008).  In contrast, a facial attack requires the Court to determine whether the pleader has sufficiently alleged a basis for subject matter jurisdiction. Id.  When presented with a facial attack, such as the one made by

defendant, the Court accepts the well-pleaded factual allegations in the complaint as true for purposes of the motion.  Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).

**III.**

The Florida workers' compensation system provides the exclusive remedy for an employee injured in the course and scope of employment.  See Fla. Stat. § 440.11; Pensacola Christian Coll. v. Bruhn, 80 So. 3d 1046, 1049 (Fla. 1st DCA 2011).  Historically, the state Judges of Compensation Claims "have exclusive subject matter jurisdiction over disputed workers' compensation claim matters." Sanders v. City of Orlando, 997 So. 2d 1089, 1093 (Fla. 2008). There are, however, two exceptions: (1) when the employer fails to secure workers' compensation coverage; or (2) when the employer commits an intentional tort.  See Fla. Stat. § 440.11(1)(a)-(b); Bruhn, 80 So. 3d at 1049.

Here, it is clear that one of the primary issues is whether plaintiff was an employee, and thus entitled to workers' compensation insurance coverage, or an independent contractor who was not entitled to such insurance coverage.  The Eleventh Circuit has held that under Florida law this is a question of law for a court to determine.  Judy v. Tri-State Motor Transit Co., 844 F.2d 1496, 1503 (11th Cir. 1988).  This case does not seek damages under the Florida workers' compensation statutory scheme, but seeks

damages for failure to obtain such coverage for plaintiff as an employee.  Such a claim is within the jurisdiction of the court.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. #13) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __5th__ day of December, 2013.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of record